## NIMROD HICKS *v.* JOHN H. TODD.

**Contract of Sale of Real Estate.**
> Where there is no allegation that the contract of sale of real estate has been reduced to writing, such contract is held to be verbal.

**Lost Pleading.**
> A lost pleading may be supplied while the case is pending by appropriate amendment and without the appointment of a commissioner.

## APPEAL FROM ROCKCASTLE CIRCUIT COURT.

### April 20, 1876.

Opinion by Judge Cofer:

There is no allegation in the pleading called in the record a "supply petition" that the appellee had a lien on the land alleged to have been sold to the appellant, or of facts which show that a lien existed. It is not stated that he had ever executed to the appellant written evidence of the contract, or that he was either able or willing to convey the land to him.

There being no allegation that the contract of sale had been reduced to writing, the presumption is that it was not. *Smith v. Fah,* 15 B. Mon. 443; *Bull v. McCrea,* 8 Ib. 422. The contract in regard to the land being merely verbal, and therefore unenforcible, it will not uphold a promise to pay the money sued for even if such promise be alleged. It is not alleged that the appellant had been put in possession of the land; and the petition therefore failed to state a cause of action entitling the appellee to a personal judgment, and the judgment must be reversed. The appellant excepted to the confirmation of the sale, and also to the order confirming it, and that order is also reversed.

The appellant having appeared to the action, the case will stand upon its return as if the pleading filed in the name of the petition which was burned had been filed upon notice. The appellee should be allowed to amend his petition and the appellant to answer. This conclusion renders it unnecessary to consider the question made by counsel for the appellant further than to say that a lost pleading may be supplied while the case is pending, by appropriate amendment and without the appointment of a commissioner. *McKee v. Garrard Co.,* Mss. Opinion; *Commonwealth v. Keger,* 1 Duvall 240.

Judgment and order confirming the sale *reversed* and cause remanded with directions to set aside the judgment and sale, and for further proceedings in conformity to this opinion.

*Kirtly & Byron, for appellant.*
*R. M. & W. O. Bradley, for appellee.*